O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LARRY WOOD, | ) | NO. CV 01-7622-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | OPINION AND ORDER GRANTING |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER | ) | IN PART COUNSEL'S MOTION FOR |
| OF SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | ATTORNEY FEES PURSUANT TO |
| | ) | |
| Defendant. | ) | 42 U.S.C. SECTION 406(b) |

**PROCEEDINGS**

On March 30, 2007, counsel for Plaintiff filed "Counsel's Notice of Motion and Motion for Attorney Fees Pursuant to 42 USC § 406(b), etc." ("the Motion"), seeking $20,000. Defendant did not file any response. The Court has taken the Motion under submission without oral argument. See Local Rule 7-15; April 2, 2007 Minute Order.

///

///

**BACKGROUND**

Plaintiff filed a complaint on September 7, 2001, seeking review of the Commissioner's denial of disability benefits.[1] Following Defendant's answer, Plaintiff filed a motion for summary judgment. The motion for summary judgment asserted that the Commissioner's denial should be reversed, and benefits should be awarded, because: (1) the Administrative Law Judge ("ALJ") allegedly failed to evaluate properly Plaintiff's alleged mental impairment in determining Plaintiff's residual functional capacity; and (2) the ALJ allegedly failed to offer clear and convincing reasons for rejecting Plaintiff's subjective complaints of pain. See "Notice of Motion and Motion for Summary Judgment, etc.," filed March 4, 2002.

On March 25, 2002, the parties stipulated to remand the matter to the Social Security Administration for further proceedings pursuant to sentence four of 42 U.S.C. section 405(g). The Court entered an order and a judgment accordingly. See "Stipulation for Remand; Order of Remand" filed March 25, 2002.

Following remand, the Administration conducted proceedings that resulted in a favorable decision for Plaintiff and an award of

---

[1] Plaintiff filed at least two applications for benefits with the Social Security Administration that were denied initially and on reconsideration. See Certified Administrative Record, filed January 30, 2002 ("A.R.") pp. 75-80, 109, 114-18, 121-27. An Administrative Law Judge conducted a hearing and eventually issued an unfavorable decision. A.R. 22-27, 47-74. Plaintiff's current counsel did not represent Plaintiff until 2001, when Plaintiff brought this action.

past-due benefits from November 1997, totaling approximately $138,980.40. See Exhibits 2 and 3 filed with the Motion. Of this award, the Commission withheld $34,380.25 (i.e., approximately 25 percent) for attorney fees. See Exhibit 3 to Motion.

Counsel's fee agreement with Plaintiff provides for a contingent fee of 25 percent of any past-due benefits awarded on the reversal of any unfavorable ALJ decision. See Motion, Exhibit 1 at ¶ 3. Counsel now moves for $20,000 in fees. See Motion, p. 3 (noting that the $20,000 amount is based on 25 percent of the net payable past-due benefits, after offset under 42 U.S.C. § 1320a-6(a) for supplemental security income benefits Plaintiff received).[2] Counsel acknowledges that any award made under section 406(b) must be offset by the $2,400 in attorney fees counsel previously recovered under the Equal Access to Justice Act ("EAJA"). See Motion, p. 24; "Stipulation for the Award and Payment of Attorney Fees Under the EAJA, etc.," filed May 7, 2002; 28 U.S.C. § 2412.

### APPLICABLE LAW

Under 42 U.S.C. section 406(b), the Court may allow attorney fees in a "reasonable" amount, not to exceed 25 percent of the total past-due benefits awarded to the claimant. The Court has an

---

[2] Counsel has not provided any proof to the Court regarding the amount of Plaintiff's net payable past-due benefits. See Exhibit 3 attached to Motion. However, the amount of net payable benefits is not material to the Court's consideration. See 42 U.S.C. § 406(b)(1)(B)(ii) (when considering the reasonableness of attorney fees, a court looks at the amount of past-due benefits *before* any section 1320a-6 offset).

3

independent duty to ensure that a section 406(b) contingency fee is reasonable. See id.; Gisbrecht v. Barnhart, 535 U.S. 789 (2002) ("Gisbrecht").[3]

The United States Supreme Court has explained that section 406(b):

> . . . does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within this 25 percent boundary . . . the attorney for the successful claimant must show that the

---

[3] Section 406(b)(1) provides:

Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . In case of any such judgment, no other fee may be payable . . . for such representation except as provided in this paragraph.

See 42 U.S.C. § 406(b)(1)(A). Section 406(b) supplements section 406(a), which provides that the Commissioner may award attorney fees to a successful claimant's counsel for work performed before the Social Security Administration. See 42 U.S.C. § 406(a).

4

fee sought is reasonable for the services rendered.

Gisbrecht at 807 (citations omitted).

When a contingency fee falls within the 25 percent boundary, as here, Gisbrecht instructs that the Court appropriately may reduce counsel's recovery:

> . . . <u>based on the character of the representation and the results the representative achieved</u>. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. <u>If the benefits are large in comparison to the amount of time counsel spent on the case [thereby resulting in a windfall], a downward adjustment is similarly in order</u>.

Id. at 808 (citations omitted) (emphasis added); see also Straw v. Bowen, 866 F.2d 1167, 1169-70 (9th Cir. 1989) (in traditional, non-contingency fee analysis, the court multiplies reasonable hours expended by the prevailing market rate to arrive at a "lodestar figure"; the court may adjust the lodestar figure by considering the factors identified in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976), to the extent the lodestar figure does not already subsume such factors). Gisbrecht does not instruct precisely how a district court should quantify the "downward adjustment" when the court concludes such an

adjustment is "in order."

Justice Scalia dissented in Gisbrecht, expressing concern that the majority opinion "does nothing whatever to subject [section 406(b)] fees to anything approximating a uniform rule of law." Gisbrecht, 535 U.S. at 809. Justice Scalia's concern may have been well-founded. As this Court recently discussed in Ellick v. Barnhart, 445 F.Supp.2d 1166 (C.D. Cal. 2006), a survey of the cases applying Gisbrecht to section 406(b) fee requests reveals considerable divergence and scant evidence of any "uniform rule of law." See Ellick, 445 F.Supp.2d at 1168-72, for a summary of the reported decisions.[4]

///

---

[4] At the time of the Ellick decision, there were 43 reported decisions applying Gisbrecht to section 406(b) fee requests. There have been five reported decisions so applying Gisbrecht since Ellick. See Vilkas v. Commissioner of Social Sec., 2007 WL 1498115 (M.D. Fla. May 14, 2007) (awarding counsel's reduced request amounting to 5 percent of past-due benefits notwithstanding *de facto* hourly rate of $1,121.86); Koester v. Astrue, 2007 WL 1098699, fn. 5 (E.D. Wisc. Apr. 23, 2007) (awarding fee that with offsets equated to 25 percent of past-due benefits; court rejected argument that award should be reduced based on *de facto* hourly rate of $580.67, opining that such rates should be given little weight); Robbins v. Barnhart, 2007 WL 675654 (D. Kan. Feb. 28, 2007) (awarding fee resulting in *de facto* hourly rate of $26.91 more than counsel's standard rate as reasonable and noting that counsel worked five years on the case to obtain a favorable decision); Jakob v. Barnhart, 2006 WL 3707888 (N.D. Cal. Dec. 14, 2006) (awarding amount sought yielding *de facto* hourly rate of $603.28 where counsel's standard hourly rate was $475.00); Briem v. Barnhart, 2006 WL 3374955 (W.D.N.Y. Nov. 17, 2006) (awarding fees equating to 25 percent of past-due benefits as provided by the fee agreement, noting time and effort counsel expended at the administrative level and counsel's level of experience in finding the fee request reasonable; the court did not mention the *de facto* hourly rate of $612.50 for time spent before the court).

**DISCUSSION**

Having reviewed the papers on file in this case in light of Gisbrecht and its progeny, the Court concludes that counsel has not met counsel's burden of showing the reasonableness of the fees requested. See 42 U.S.C. § 406(b); Gisbrecht, 535 U.S. at 807. Counsel's office achieved a favorable result for Plaintiff and should be compensated above the office's normal hourly fees to recognize the risks of contingent litigation. See, e.g., Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (quoting Dodson v. Commissioner of Social Security, 2002 WL 31927589 (W.D. Va. Oct. 22, 2002): "Congress has indicated the permissibility, within limits, of rewarding attorneys for assuming the risk of going uncompensated for representing Social Security claimants."). However, the $138,980.40 in past-due benefits Plaintiff recovered is large in comparison to the amount of time spent on the case by counsel's office.

Counsel's fee statement submitted with the Motion, which concerns time expended in 2001 and 2002, reflects billing rates of $141.86 in 2001 and $142.74 in 2002 for Mr. Kalagian and $91.64 for Ms. Aparicio. See Exhibit 4 to Motion.[5]  Counsel spent 15.3 hours and

---

[5] The Court notes that counsel's petition for attorney fees under the EAJA, which was filed around the time services were rendered in this case, states that the attorneys in counsel's firm bill their time out at $200 to $250 per hour. See "Petition for Attorney Fees and Expenses Under the Equal Access to Justice Act," filed April 24, 2002, at ¶ 8.  In the Motion, however, counsel confusingly asserts "[t]he firm has been paid $350 per hour for [counsel's] time on an hourly basis in limited hourly cases," and states that "[n]o member of the firm has an 'hourly rate.'" See Motion, p. 12, 26.

1  the paralegal spent 3.3 hours.  See id.  If compensated according to
2  these hourly rates, counsel would receive:

$141.86 x 1.3 hours in 2001 =  $  184.42
$142.74 x 14 hours in 2002  =  $1,998.36
$ 91.64 x 3.3 hours         =     302.41
              Total Fees       $2,485.19

If counsel receives the $20,000 requested, however, counsel will receive a fee equivalent to roughly 8.05 times these hourly rates (i.e., $1,141.65 per hour for counsel's time in 2001, $1,148.73 per hour for counsel's time in 2002, and $737.49 per hour for his paralegal's time).  Assuming counsel's normal hourly rates to be $200 or $250 per hour (as reported in the EAJA petition (see fn. 5)), counsel would receive a fee equivalent to roughly 5.95 or 4.85 times his normal hourly rates, respectively.[6]

///

///

     While the contingent risk in the present case should be compensated reasonably, it should not be compensated as richly as

---

[6] At least one court adjudicating section 406(b) fee requests has denied recovery for non-attorney time that can be compensated under the EAJA.  See Roark v. Barnhart, 221 F. Supp. 2d 1020, 1021 (W.D. Mo. 2002); but see Ellick v. Barnhart, 445 F. Supp. 2d 1166 (C.D. Cal. 2006) (this Court permitting fee recovery for time spent by paralegals as well as attorneys); Grunseich v. Barnhart, 439 F. Supp. 2d 1032 (C.D. Cal. 2006) (permitting recovery for paralegal time); Yarnevic v. Apfel, 359 F. Supp. 2d 1363 (N.D. Ga. 2005) (same); Hussar-Nelson v. Barnhart, 2002 WL 31664488 (S.D. Iowa 2002) (not differentiating between 48.8 hours spent by attorney and 5.1 hours spent by law clerk in considering reasonableness of fee for work before the court).

counsel suggests. Under the circumstances of this case, to do as counsel suggests would not be faithful to Gisbrecht. See Gisbrecht at 808 ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order"). Counsel spent very little time on the case in comparison to the amount of benefits now owing, and the issues briefed in the summary judgment motion were neither novel nor complex.[7]

The Court finds that a downward adjustment from a full contingency fee award is required in this case to arrive at a fee that is "reasonable for the services rendered." After surveying the case law, and after considering the nature of the contingent risk and the substantial benefits obtained for Plaintiff, the Court finds that a fee of $10,318.53 is a reasonable fee for the representation of Plaintiff before this Court. This award reasonably represents 2.5 times the hourly rates of counsel and the paralegal, using an hourly rate of $250 for counsel and $91.64 for the paralegal (or a *de facto* hourly rate of $625 for counsel and $229.10 for the paralegal). See Brannen v. Barnhart, 2004 WL 1737443 (E.D. Tex. Jul. 22, 2004) (awarding fee that was roughly 1.01 times counsel's normal hourly rate for counsel's time spent before the court, where past-due benefits exceeded $100,000); Wallace v. Barnhart, 2004 WL 883447 (N.D. Iowa Apr. 22, 2004) (awarding fee that was 1.25 counsel's normal hourly rate); Hearn v. Barnhart, 262 F. Supp. 2d at 1035 (awarding fee that was roughly 1.5 times counsel's normal hourly

---

[7] Counsel does not argue that any of the issues raised in Plaintiff's complaint or motion for summary judgment were particularly novel or complex, nor could counsel persuasively so argue.

rate, where past-due benefits exceeded $100,000, and where claimant alleged a variety of ailments not susceptible to clear and straightforward forms of proof); Mitchell v. Barnhart, 376 F. Supp. 2d 912, 923 (S.D. Iowa 2005) (awarding fee that was 1.64 times counsel's normal hourly rate); Coppett v. Barnhart, 242 F. Supp. 2d 1380, 1381 (S.D. Ga. 2002) (awarding fee that was roughly twice counsel's normal hourly rate); Roark v. Barnhart, 221 F. Supp. 2d at 1021 (same); Ogle v. Barnhart, 2003 WL 22956419 (D. Me. Dec. 12, 2003) (awarding fee that was 2.5 times counsel's normal hourly rate, where past-due benefits exceeded $100,000 and issues litigated were not complex); Van Nostrand v. Barnhart, 2005 WL 1168428 (W.D. Tex. May 12, 2005) (same); cf. Yarnevic v. Apfel, 359 F. Supp. 2d 1363, 1365-66 (N.D. Ga. Feb. 18, 2005) (awarding fee that was roughly 2.85 times counsel's standard hourly rate, where past-due benefits exceeded $100,000); Droke v. Barnhart, 2005 WL 2174397 (W.D. Tenn. Sep. 6, 2005) (awarding fee that was roughly 5.54 times counsel's normal hourly rate where counsel achieved "exceptional" results); Claypool v. Barnhart, 294 F. Supp. 2d 829, 830 (S.D. W. Va. 2003) (awarding fee that was roughly 5.73 times counsel's normal hourly rate, where past-due benefits totaled almost $200,000, and counsel faced difficulties with the case and went through four levels of review); and Whitehead v. Barnhart, 2006 WL 681168 (W.D. Mo. Apr. 7, 2006) (awarding fee that was roughly 6.55 times counsel's normal hourly rate, where counsel argued novel, case-specific and risky position and past-due benefits exceeded $100,000).[8]

---

[8] The Court has chosen a normal hourly rate of $250 for counsel to acknowledge the substantial benefit counsel achieved for Plaintiff. See Gisbrecht, 535 U.S. at 808.

As in <u>Ellick</u>, the Court acknowledges the regrettable imprecision of its analysis. After <u>Gisbrecht</u>, counsel and their clients cannot predict with any degree of certainty what courts will award as "reasonable" fees under section 406(b), particularly where the benefits are large in comparison to the amount of time spent by counsel. And, absent further guidance from Congress or from the appellate courts, district courts cannot have any degree of confidence that their section 406(b) awards will be consistent with what the law intends.

**CONCLUSION**

The Motion is granted in part. Section 406(b) fees are allowed in the gross amount of $10,318.53, to be paid out of the sums withheld by the Commissioner from Plaintiff's benefits. Counsel shall reimburse Plaintiff in the amount of $2,400, previously paid by the Government under the EAJA.

IT IS SO ORDERED.

DATED: June 11, 2007.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE