**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LARRY WOOD, ) | NO. CV 01-7622-E |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER GRANTING COUNSEL'S MOTION |
| ) | |
| MICHAEL J. ASTRUE, COMMISSIONER ) | FOR ATTORNEY FEES PURSUANT TO |
| OF SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | 42 U.S.C. SECTION 406(b) |
| ) | |
| Defendant. ) | |
| _____) | |

**PROCEEDINGS**

On March 30, 2007, counsel for Plaintiff filed "Counsel's Notice of Motion and Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b), etc." ("the Motion"), seeking $20,000. Defendant did not file any response. On June 11, 2007, the Court issued its "Opinion and Order Granting in Part Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. Section 406(b)" ("the prior order").

///

///

On November 19, 2009, the United States Court of Appeals for the Ninth Circuit vacated the prior order and remanded the matter to this Court for further consideration in light of Crawford v. Astrue, 586 F.3d 1142 (9th Cir. 2009) ("Crawford").  On November 30, 2009, this Court issued a Minute Order, inviting the filing of additional memoranda of points and authorities in connection with the Motion. Counsel for Plaintiff filed a supplemental brief on December 8, 2009. No other person filed any document within the allotted time.

**DISCUSSION**

Section 406(b) of Title 42 U.S.C. imposes on the District Court an independent duty to ensure that a contingency fee in a social security case is reasonable.  Gisbrecht v. Barnhart, 535 U.S. 789 (2002) ("Gisbrecht").  To arrive at a reasonable fee, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment [from the contingency fee] is . . . in order."  Gisbrecht at 808 (citations omitted).

This Court previously found that the benefits were large in comparison to the amount of time counsel spent on the case.  The Court determined that a downward adjustment from the contingency fee was "in order."  The Court used a lodestar calculation as an aid in determining the downward adjustment the Court then believed necessary to arrive at a reasonable fee.

However, this Court's prior order is legally indistinguishable from at least one of the District Court orders reversed by the Ninth

Circuit in Crawford. The Crawford Court held that in "Crawford (Real-party-in-interest Shapiro)" counsel's requested fee of $21,000 out of past-due benefits of $123,891.20 was reasonable. Because the relevant circumstances of the present case are legally indistinguishable from the relevant circumstances of "Crawford (Real-party-in-interest Shapiro)," this Court now must hold that counsel's requested fee of $20,000 out of past-due benefits of $138,980.40 is reasonable. See Hart v. Massanari, 266 F.3d 1155, 1170 (9th Cir. 2001) (district judge may not "disagree with his learned colleagues on his own court of appeals who have ruled on a controlling legal issue"); Zuniga v. United Can Co., 812 F.2d 443, 450 (9th Cir. 1987) ("[d]istrict courts are, of course, bound by the law of their own circuit").

**CONCLUSION**

The Motion is granted. Section 406(b) fees are allowed in the gross amount of $20,000, to be paid out of the sums withheld by the Commissioner from Plaintiff's benefits. Counsel shall reimburse Plaintiff in the amount of $2,400, previously paid by the Government under the EAJA.

IT IS SO ORDERED.

DATED: January 5, 2010.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE